86 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Aurelia v. MAYANG, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7020.
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Aurelia V. Mayang's appeal for lack of jurisdiction. Mayang has not responded.
 
 
 2
 In 1991, Mayang filed a request to reopen her claim for entitlement to service connection for the death of her older brother. Mayang also applied for dependency and indemnity compensation benefits on the ground that she was her brother's "foster mother." The Board of Veterans Appeals determined that Mayang was not a proper claimant pursuant to 38 U.S.C. § 101(5). The Court of Veterans Appeals affirmed the Board's decision, stating that "the appellant failed to come forward with preponderating evidence that she was, in effect, the veteran's foster mother." Mayang appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In her informal brief, Mayang disputes the determination that she did not "[stand] in the relationship of a parent to the veteran [during] the period from 1940 to 1941." In essence, Mayang is challenging findings of fact and the application of the law to the facts of her case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.